GABRIEL MOORE *vs.* MARTHA GILES.

The placing a deed on record with the intent that it should pass the title to the grantee constitutes a legal delivery.

The law presumes an acceptance by the grantee, where he is benefited by the deed, though his refusal to accept may be shown.

The plaintiff, apprehensive of an attachment of his property, made a deed of a piece of land to *M,* a granddaughter of his wife, then living in his family and twelve years of age, and after keeping it a month had it recorded, and afterwards kept it for several months in a package with other papers, until his wife, with his consent, delivered the package to her son for safe keeping, stating to him in the presence of the plaintiff that it contained papers belonging to the plaintiff and herself and a deed belonging to *M.* The court found that he executed the deed and caused it to be recorded with the intent to place the property beyond the reach of attachment and also to give his title to *M,* but that he expected that she would continue to live in his family and that he should be permitted to remain in possession during his life. Held that the finding that in putting the deed on record he intended to give his title to *M,* was decisive as to that act being a delivery of the deed, and that the question whether upon all the facts it had been legally delivered was not open to this court.

SUIT to remove a cloud from a title; brought to the Superior Court in Hartford County and heard before *Hovey, J.* The court found the following facts:—

On the 4th day of September, 1877, the plaintiff was the owner in fee of the land in question, being a lot in the town of Hartford, and on the same day executed, in due form of law, a deed quitclaiming it to Martha Giles, the defendant, her heirs and assigns, and on the 6th day of October, 1877, lodged the deed for record in the office of the town clerk of Hartford, and it was duly recorded in the land records of the town. After it was recorded the plaintiff took it from the town clerk's office and put it in a package of papers belonging to himself and his wife, and deposited the package with Stiles D. Sperry, then of Hartford, for safe keeping, where it remained until Sperry's death. He then took the package to the place where he then resided and put it in a drawer, where it had been kept a short time before it was deposited with Sperry. The wife of the plaintiff subse-

quently and with his assent delivered the package to one of her sons, Benjamin Anderson, for safe keeping—stating to him at the time that it contained papers which belonged some to her and some to the plaintiff, and a deed that belonged to Martha Giles. The plaintiff was present, and heard and understood the statement of his wife in respect to the contents and ownership of the package, and expressed no dissent or objection thereto. The package has ever since remained in the custody of Anderson.

Martha Giles is an orphan, and was about twelve years of age when the deed was executed. She was the grandchild of Eliza Moore, then the wife of the plaintiff, and had then lived with and been supported by the said Eliza and the plaintiff for about seven years next preceding. The plaintiff had no child; and long before the execution of the deed, he had intended to give the land by will to Martha. About two years previous to this, he and his wife had purchased another parcel of land in Hartford, subject to a mortgage to one Barrows, for two thousand dollars, which they then assumed and agreed to pay. Fearing that Barrows would attach the land now in question to secure the payment of that debt, the plaintiff determined to convey it to the said Martha, and thus place it, so far as he could, beyond the reach of an attachment by Barrows. And with that intent and purpose, as well as with the intent and purpose of giving to the said Martha his title to the land, the plaintiff executed the deed and caused it to be recorded. But the plaintiff expected when he did it that the said Martha would continue to live in his family after she became the owner of the land, as she had done before, and that he should be permitted to remain in possession of it and use it during his life, in the same manner as he might have done if he had retained the title. And he has had the possession of the premises and has taken the rents and profits thereof, and has paid the taxes thereon, ever since the execution of the deed. The said Eliza, the wife of the plaintiff, died on the 30th of September, 1880, and the said Martha remained with the plaintiff until the 15th of Octo-

ber, 1880, when, there being no suitable person in his family to take care of her, she went, with his assent, to live in the family of her uncle, Montague Anderson, where she still remains.

. Upon these facts the court rendered judgment for the defendant. The plaintiff brought the record before this court by a motion in error.

*H. Willey*, for the plaintiff.

1.   The plaintiff is an ignorant colored man, was formerly a slave, and can not read or write. Of course he knew nothing of the law and could have no clear idea of the effects of his acts. From all the facts it is apparent that he never intended to do more than to execute a paper which might give the land to Martha Giles in case of his death, the same being revocable by him at any time if circumstances should change. If the land was conveyed it was conveyed by mistake, which a court of equity will correct. *Stedwell* v. *Anderson*, 21 Conn., 139.

2.   He never delivered the deed to Martha Giles, nor to any person for her. The taking the deed to the town clerk's office to be recorded was not a delivery. He took the deed from the office, and with other papers of his and of his wife, placed them in the hands of Mr. Sperry *for safe keeping*, where they remained until Sperry's death. He then kept them in a bureau drawer at his house, where he had kept them a short time before they were delivered to Sperry. After they had been kept there a while, the wife of the plaintiff, in his presence, delivered them to her son, *for safe keeping*, telling him they were her papers, her husband's, and a deed that belonged to Martha Giles; and her husband expressed no objection. He did not now part with his right to control the papers and the deed, any more than he did when he deposited them with Sperry. The object was the same in both cases, to keep safely for him. From these facts it is not claimed that there was an actual delivery, and the court has not so found, but has found certain facts from which it is claimed there was a constructive delivery or a

delivery in law. The lodging of a deed for record is no delivery, or at most but *primâ facie* evidence of it. *Maynard* v. *Maynard*, 10 Mass., 456; *Hawkes* v. *Pike*, 105 id., 560; *Younge* v. *Gilbeau*, 3 Wall., 636; *Cannon* v. *Cannon*, 26 N. Jer. Eq., 316; *Commercial Bank* v. *Reckless*, 1 Halst. Ch., 430; *Carr* v. *Hoxie*, 5 Mason, 60; *Wiggins* v. *Lusk*, 12 Ill., 132; *Balbec* v. *Donaldson*, 2 Grant's Cas., 459; *Jones* v. *Bush*, 4 Harring., 1; *Watson* v. *Ryan*, 3 Tenn. Ch., 40; *Jackson* v. *Phipps*, 12 Johns., 418. There was nothing here sufficient to constitute a delivery. *Cook* v. *Brown*, 34 N. Hamp., 460; *Baker* v. *Haskell*, 47 id., 479; *Brown* v. *Brown*, 66 Maine, 316; *Patterson* v. *Snell*, 67 id., 559; *Denton* v. *Perry*, 5 Verm., 382; *Habergham* v. *Vincent*, 2 Ves. Jr., 204. Great injustice will be done the plaintiff if he is compelled to lose his land.

*E. H. Hyde, Jr.*, for the defendant.

PARDEE, J. It is essential to the validity of a deed that it should be delivered by the grantor and accepted by the grantee; but neither the presence of the latter nor his previous authority to a third person to receive it on his behalf, nor his subsequent express assent to it, is necessary to make the delivery valid. When there is no such previous authority to receive the law presumes his assent whenever the deed is beneficial to him, although his dissent may be proven. Proof only that the plaintiff recorded the deed is not conclusive against him. The legal effect of that act depends upon the intent with which he performed it; and that is purely a question of fact. The court finds that influenced by fear of a creditor, as well as by affection for the grantee, " with the intent and purpose of giving to the said Martha Giles his title to said land, the plaintiff executed said deed and caused the same to be recorded;" a finding, in language not to be misunderstood, that he delivered the deed for record to the town clerk with the intent thereby and then to divest himself of all title to the land. This act, with this intent, concludes him. The proven facts

that a month elapsed between the execution and delivery of the deed to the town clerk, that the grantor did not place it in the hands of the grantee, and that he retained possession of the land, of necessity exhausted their force upon the mind of the court below, and are not to be considered by us.

There is no error in the judgment complained of.

In this opinion the other judges concurred.