Pratt, J.
The only theory that can be predicated upon the evidence in this case is that expressed by the judge who tried the cause at special term, in his findings of fact:
That Michael K. Wilson was the real owner of the mortgaged premises, was indebted to Mrs. Olay, the mother of the plaintiff, and caused George Wilson, who held the nominal title in trust for Michael, to make the mortgage to secure such indebtedness is undoubtedly true, and it is also true that Michael, with a designio cheat his creditors, made a conveyance of the same property to George, and caused the latter to make a deed of the same to Eliza A., the defendant.
That George held the possession of the property and managed it for the benefit of Michael seems clear, and that the latter controlled the former in all acts concerning the property is the only reasonable conclusion to be drawn from the testimony.
The evidence is abundant and conclusive as to the existence of an indebtedness to the amount of the mortgage from Michael to Mrs. Olay. lío other reasonable construction can be placed upon the conduct of Michael than that he owed Mrs. Olay and intended to secure her by this mortgage. The making of the mortgage without consideration would not aid his scheme to defraud his creditors, unless they were both guilty of a conspiracy and that Mrs. Olay was ready to commit perjury to assist Michael in defrauding his creditors. We can indulge in no such presumption.
The facts are equally clear upon the question of the due execution and delivery of the mortgage.
That George signed, sealed and delivered the mortgage to Michael without condition or qualification, is undisputed, and that the latter assumed to act for Mrs. Clay and received and recorded the mortgage for her benefit, is well established by the proofs.
The fact that Michael retained the mortgage after it was recorded does not affect the validity of the instrument. When it was delivered by George and accepted by Michael for Mrs. Olay, it became valid and effectual as a mortgage and what may have transpired after that was immaterial.
The efficiency of a deed depends upon its being executed according to the statutory formalities and being uncondi *68 tionally delivered by the maker to the grantee or his agent. Wallace v. Berdell, 97 N. Y., 13-23; Fisher v. Hall, 41 id., 416; Church v. Gilman, 15 Wend., 656; Moore v. Giles, 49 Conn., 570.
That George delivered the mortgage and forever ceased to have any control of it afterwards cannot be questioned.
It is equally clear that Michael accepted the mortgage in behalf of Mrs. Clay and intended to make it a valid and effectual security in her hands. Lawrence v. Farley, 24 Hun, 293; Moore v. Giles, supra.
The court below was right in holding that the mortgage in suit was prior and paramount to the deed to Eliza Munoz.
Leaving out of view the principle that a fraudulent conveyance cannot be set up to defeat a junior mortgage, the fact here is that the mortgage was delivered prior in point of time to the deed.
We also think that Mrs. Clay must be regarded, under the facts disclosed, as a purchaser in good faith under the recording act. 1 Rev. Stat., 756, § 1.
Michael managed the whole business; he intended to have the mortgage take effect prior to the deed, and accordingly had it recorded first.
There was evidently no intention to vest any title in Eliza Wilson prior to the recording of the mortgage, and possibly not at all, unless it became necessary in furtherance of the scheme to defraud creditors. This is shown by the fact that Eliza never knew she had any title until the deed was handed to her after it was recorded.
Mrs. Clay has since died, and it is not difficult to find a motive on the part of Michael to defeat this mortgage, but the evidence fails to sustain the defence, and the judgment must be affirmed, with costs.