JOHN C. MANULIK, JR., ET AL. *v.* CATHERINE DEVITT

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued December 13, 1978—decision released February 27, 1979

*John J. Resnik,* with whom, on the brief, was *David A. Sweeny,* for the appellants (plaintiffs).

*Anthony J. Lasala,* with whom was *David M. Reilly, Jr.,* for the appellee (defendant).

COTTER, C. J. This case was tried together with the case of *Devitt* v. *Manulik,* 176 Conn. 657, 410 A.2d 465. The plaintiffs, brothers of the defendant, brought the present action seeking an accounting and an order decreeing that the defendant sister holds certain funds contained in a savings bank account as trustee for the benefit of all three parties. From a judgment rendered in favor of the defendant, the plaintiffs have taken this appeal.

Martha Manulik, mother of the parties, who emigrated to this country from Russia and could neither read nor write, opened a savings bank account in the Connecticut Savings Bank of New Haven in 1930. On January 15, 1963, the account was changed to provide that the funds contained therein were held by Martha Manulik as trustee for the defendant. When this trustee account was established, Martha Manulik signed a statement giving the name and

address of the defendant as beneficiary by causing her mark and fingerprints to be placed on the signature card statement. From January 15, 1963, until the death of the parties' father in January, 1969, Martha retained possession of the passbook. From January, 1969, until Martha's death, the plaintiff John C. Manulik, Jr., had possession of the passbook, and, upon Martha's death, he gave it to the defendant. It is undisputed that the funds originally deposited were those of Martha Manulik only and not the funds of any party to this action, and that none of the parties used the passbook funds prior to the death of Martha.

The plaintiffs contend that it was the intention of Martha Manulik and of the parties that the money in question would be equally divided among them upon their mother's death. On that basis, the plaintiffs argue that the defendant held those funds in trust for their benefit to be later apportioned in accordance with such an alleged oral agreement. The trial court concluded, however, that the plaintiffs failed to prove by a preponderance of the evidence that a constructive trust of the funds in the savings account was created in their favor; and that they did not establish that § 36-110 of the General Statutes was not applicable on the issue of ownership of the trustee account in question.

We agree with the conclusion of the trial court that the plaintiffs' claims cannot be sustained in view of the application of the provisions of General Statutes § 36-110.[1] Prior to 1961, the predecessor to

[1] "[General Statutes] Sec. 36-110. DEPOSITS IN TRUST. (1) (a) No savings bank, state bank and trust company or national banking association shall accept any deposit made by one person in trust for another unless the same is accompanied by a statement signed by the depositor giving the name and residence of the beneficiary. Such

§ 36-110 (1) simply provided that the creation of trustee bank accounts was authorized when the deposit was accompanied by a statement signed by the depositor designating the beneficiary and setting forth to whom the principal and interest of such deposit belonged; and that the banking institution would be fully protected in making payment of such funds to the named beneficiary upon the death of the trustee. General Statutes, Rev. 1949, § 5829. In *Fasano* v. *Meliso,* 146 Conn. 496, 152 A.2d 512, however, this court declared invalid savings account trusts which were established with the sole intention of passing ownership of the funds to the beneficiary

statement may also specify the terms of the trust thereby created. Unless such statement specifies to the contrary, it shall be conclusively presumed that the depositor intends to create a trust of the moneys at any time standing to the credit of such account upon the following terms: 1. The depositor during his life may withdraw, or authorize charges against, the moneys to the credit of the trust; 2. if the depositor survives the named beneficiary, the named beneficiary's death shall terminate the trust and title to the moneys to the credit of the trust shall vest in the depositor free and clear of the trust; 3. if the named beneficiary survives the depositor, the depositor's death shall terminate the trust and the moneys to the credit of the trust shall vest in the named beneficiary free and clear of the trust. (b) Any savings bank, state bank and trust company or national banking association shall be fully protected in making payment of the moneys to the credit of such account in accordance with the terms of such signed statement or, in the event such statement does not specify to the contrary, in accordance with such of the foregoing presumptions as may be applicable, and the title of any person to the moneys to the credit of such account and the effect of such signed statement with respect thereto or, in the event such statement does not specify to the contrary, the effect of such of the foregoing presumptions shall not be denied, abridged or in any way affected because such signed statement was not executed in accordance with, or otherwise fails to comply with, the laws of this state prescribing the requirements to effect a valid testamentary disposition of property or because of any absence of delivery or compliance with other requirements to effect a valid gift or transfer in trust. (c) The provisions of this subsection shall not apply to the deposits accompanied by a statement of the type described in subsection (2) hereof. . . ."

only upon the trustee's death on the ground that the attempted trusts failed as testamentary dispositions of property in a manner forbidden by the Statute of Wills. In response to criticism of the effect of our decision in *Fasano;* see 34 Conn. B.J. 67; the 1961 General Assembly enacted Public Act No. 306 in order to overrule the consequence of that decision and to give full effect to a savings account trust deposit despite the requirements of the Statute of Wills. 36 Conn. B.J. 266. The present § 36-110 (1) contains essentially the same language that originally appeared in Public Acts 1961, No. 306.

Unless the depositor's signed statement, which accompanies the deposit in trust, specifies to the contrary, § 36-110 (1) creates a conclusive presumption that the depositor intends to create a trust of the funds in such account on the following terms: "1. The depositor during his life may withdraw, or authorize charges against, the moneys to the credit of the trust; 2. if the depositor survives the named beneficiary, the named beneficiary's death shall terminate the trust and title to the moneys . . . shall vest in the depositor free and clear of the trust; [and] 3. if the named beneficiary survives the depositor, the depositor's death shall terminate the trust and the moneys . . . shall vest in the named beneficiary free and clear of the trust." In addition, subsection (b) of the statute provides that the effect of the foregoing presumptions "shall not be denied, abridged or in any way affected because such signed statement . . . fails to comply with . . . the laws of this state prescribing the requirements to effect a valid testamentary disposition of property or because of any absence of delivery or compliance with other requirements to effect a valid gift or transfer in trust."

The plaintiffs argue that § 36-110 was enacted solely for the protection of the banks and, therefore, has no application to the present case. We disagree with the plaintiffs' claim that, under the circumstances of this case, the ownership of the funds in question must be determined by ascertaining the intention of Martha Manulik at the time the account was created in accordance with common-law prerequisites for the establishment of a valid trust.

General Statutes § 36-110, as amended, attaches specific consequences to the acts of the depositor-trustee when compliance with the statute is satisfied. It is unmistakable that the statute was based upon the premise that the creation and maintenance of such an account itself manifested the depositor-trustee's intent and that this conclusively presumed intent should be accorded full effect through the instrumentality of a "statutory trust" in spite of the fact that the transaction fails to satisfy the requirements of the Statute of Wills or of the common-law concepts of gifts or transfers in trusts. Cf. *Howard Savings Institution* v. *Kielb,* 38 N.J. 186, 202, 183 A.2d 401 (construing a statute virtually identical with § 36-110). In sum, § 36-110 gives effect to the intention of the depositor to make a "poor man's will," but at the same time to retain the sole right to the moneys during his lifetime. See Hearings, Joint Standing Committee on Banks, 1961 Session, pp. 129–132. By virtue of the statute's conclusive presumption regarding the depositor-trustee's intent, therefore, the defendant in the present case, as beneficiary, acquired all rights to the funds contained in the account upon the death of her mother. We need not discuss the beneficiary's right to the account upon the prior death of the depositor-trustee, however, where an attack is made upon

classic equitable grounds such as fraud, duress, undue influence and mistake; *Howard Savings Institution* v. *Kielb,* supra; since it does not appear that the plaintiffs have clearly asserted such claims in the present action.

Accordingly, the plaintiffs' assertion that the defendant is without a rightful claim to the funds in question, and that a constructive trust should therefore be invoked, is without merit.

There is no error.

In this opinion the other judges concurred.