JULIE COOPER ET AL. *v.* RALPH CAVALLARO,
EXECUTOR (ESTATE OF JULIA CAVALLARO)
(2387)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued June 6—decision released September 18, 1984

*Roger Sullivan,* for the appellants (plaintiffs).

*James O. Shea,* for the appellee (defendant).

PER CURIAM. This appeal[1] involves two cases which were consolidated for trial. Judgment was rendered, in the first case, for the defendant individually, and, in the second, for the defendant in his capacity as executor of the estate of Julia Cavallaro. The parties were in dispute over two joint savings accounts and a mortgage deed and note each held jointly by the defendant and the decedent, with a right of survivorship. The issues are whether the state referee, acting as the trial court, erred (1) in placing the burden of proof on the plaintiffs to establish a constructive trust of the mortgage note and the bank accounts, and (2) in concluding that, under the terms of the will of Julia Cavallaro, a bequest to the plaintiffs was precatory in nature. The plaintiffs also claim that General Statutes § 36-3 is unconstitutional because it violates the separation of powers doctrine.

The testatrix was survived by two sons, one of whom is the defendant, and by a number of grandchildren. The defendant was named in her will as her executor. He filed an inventory and a final accounting in the Probate Court for the district of Branford. Both documents indicated that the estate was devoid of assets since all assets had passed to the defendant by survivorship. The Probate Court approved the final accounting and the plaintiffs appealed to the Superior Court. The plaintiffs also instituted an equitable action against the defendant individually, claiming the existence of a constructive trust of the joint assets. The parties agreed that the outcome of the latter suit would be dispositive of the probate appeal. The trial court found that

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

the plaintiffs had failed to sustain the burden of proof necessary to establish a constructive trust of the assets for the benefit of the plaintiffs and that the language of the decedent's will referring to the plaintiffs was precatory in nature. The plaintiffs are the executor of the estate of a deceased son of the testatrix and some of her grandchildren.

The plaintiffs' claim involves a residual devise in the decedent's will which provided in pertinent part: "I give, devise and bequeath to my son Ralph Cavallaro and or his heirs the remainder of all my assets, now held jointly with him. I direct Ralph Cavallaro to provide for my grandchildren, Julie, Joan, and Mary, children of my son Vincent James Cavallaro by giving to each of them the sum of Ten Thousand ($10,000) Dollars at his earliest discretion. I direct Ralph Cavallaro to provide for my grandchildren who are his children, John, James, Karen and David by giving to each of them the sum of Ten Thousand ($10,000) Dollars at his earliest discretion."

The trial court found as facts that the mortgage deed and note were recorded on the land records, that the decedent told the lawyer who drafted her will that all of her assets were held jointly with her son, the defendant, that her lawyer advised her that the will would not affect the ownership of the joint assets, that she consistently and steadfastly refused to change the title of these assets from joint ownership with the right of survivorship to her individual name, and that, until the date of her death, she deposited checks in the joint bank accounts and had access to the bank books and could have changed the title to them at any time. Not specifically mentioned in the trial court's memorandum of decision, but introduced as evidence at the trial was testimony that the bank accounts were created in the 1950s, that the defendant and the testatrix made deposits to them, that the defendant withdrew money

at times from the accounts for his own purposes and that both her son, Vincent James, and one of her grandson-in-laws were lawyers who had urged her to terminate the joint tenancies.

The trial court determined that the plaintiffs had to prove the allegations of their complaint by clear and convincing evidence. This standard of proof as to the joint bank accounts is contained within General Statutes § 36-3. The statute provides that a joint bank account "shall, in the absence of fraud or undue influence, or other clear and convincing evidence to the contrary, be prima facie evidence, in any action . . . respecting the ownership of . . . such . . . account, of the intention of all of the named owners thereof to vest title to such . . . account . . . in [the] survivor . . . ."

The plaintiffs claim that a confidential relationship existed between the defendant and the testatrix and that, therefore, they did not have to prove the existence of a fraudulent intent or undue influence in order to impose a constructive trust on the joint assets. See *Koizim* v. *Koizim*, 181 Conn. 492, 495, 435 A.2d 1030 (1980). The plaintiffs argue that the defendant had the burden of proving by clear and convincing evidence that the mortgage note and bank accounts were valid inter vivos gifts.

The reliance of the plaintiffs on the *Koizim* case fails to take cognizance of the dissimilarity between it and the present case. The former case was an action for the dissolution of marriage in which both parties agreed that a confidential relationship existed. The evidence of that case was that the plaintiff husband made certain representations upon which the defendant relied, not only because of the marital relationship but because the plaintiff was a lawyer and banker upon whom she relied to act in her best interests.

The relationship between a parent and a child does not per se give rise to the establishment of a fiduciary relationship. *Cohen* v. *Cohen,* 182 Conn. 193, 438 A.2d 55 (1980); *Berkowitz* v. *Berkowitz,* 147 Conn. 474, 162 A.2d 709 (1960). If, however, a confidential relationship is proved, then the burden of proving fair dealing or the burden of showing the absence of undue influence shifts to the defendant or the fiduciary, and that burden must be sustained by clear and convincing evidence. *Alaimo* v. *Royer,* 188 Conn. 36, 41, 448 A.2d 207 (1982); *Hieble* v. *Hieble,* 164 Conn. 56, 61, 316 A.2d 777 (1972). Since such a fiduciary relationship was not established, the burden of proof did not shift to the defendant, but remained with the plaintiffs. *Alaimo* v. *Royer,* supra, 40. The plaintiffs were required to prove by clear and convincing evidence that the bank accounts and the mortgage deed and note were not valid inter vivos gifts; General Statutes § 36-3; see *Cohen* v. *Cohen,* supra; or that they were assets acquired by the defendant under circumstances which required equity to divest him of his beneficial interest and to convert him into a trustee in order to prevent his unjust enrichment. See *Cohen* v. *Cohen,* supra, 202; *Hieble* v. *Hieble,* supra, 63. The trial court found that the plaintiffs did not sustain their burden of proof.

The intent of the legislature in enacting General Statutes § 36-3 was to make the existence of a joint bank account prima facie evidence of ownership by the survivor which can only be rebutted by clear and convincing evidence to the contrary. See *Grodzicki* v. *Grodzicki,* 154 Conn. 456, 462, 226 A.2d 656 (1967).

Since the only assets of the testatrix were the joint bank accounts and the mortgage deed and note, nothing remained to pass by the provisions of the will. *Clayman* v. *Prochaska,* 2 Conn. App. 430, 479 A.2d 1214 (1984). Even if that were not true, the provisions of the will left it to the discretion of the defendant to pay $10,000

to each of the decedent's grandchildren. Julia Cavallaro devised all of her assets to the defendant, and then directed him "at his earliest discretion" to provide for her grandchildren. The use of the quoted phrase did not diminish the absolute fee simple estate devised to the defendant. *Fidelity Title & Trust Co.* v. *Clyde,* 143 Conn. 247, 253, 121 A.2d 625 (1956).

The plaintiffs' contention that General Statutes § 36-3 is unconstitutional must fail. "It is important, at the outset, to recognize that the challenge of any state statute on constitutional grounds imposes a difficult burden on the challenger. [Our Supreme Court has] consistently held that every statute is presumed to be constitutional and [has] required invalidity to be established beyond a reasonable doubt. *Eielson* v. *Parker,* 179 Conn. 552, 557, 427 A.2d 814 (1980); *State* v. *Olds,* 171 Conn. 395, 411, 370 A.2d 969 (1976); *Adams* v. *Rubinow,* 157 Conn. 150, 152–53, 251 A.2d 49 (1968)." *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo,* 190 Conn. 510, 522, 461 A.2d 938 (1983).

The plaintiffs challenge the statute on the ground that its creation of a rebuttable presumption of ownership impinges upon the powers of the court. A legislative rule of evidence which has the effect of shifting a burden of proof does not necessarily mean that a constitutional infirmity exists in the legislation. *State* v. *Clemente,* 166 Conn. 501, 510, 353 A.2d 723 (1974). Our legislature has passed more than a few statutes which create presumptions and affect the rules of evidence. A statute which generates a presumption, thereby shifting the burden of proof, is not an unconstitutional invasion of the legislature into the judicial sphere. *Johnson County Savings Bank* v. *Walker,* 79 Conn. 348, 351–52, 65 A. 132 (1906). General Statutes § 36-3 affects the introduction of evidence. It does not impinge on the independence of the judicial branch of government.

There is no error.