[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appellant, Dolores Palumbo, appeals from the decision CT Page 1698-V of the Probate Court of Waterbury, wherein the court, Sokolowski, J., denied the appellant's petition to remove her brother, John Villano, the appellee, as executor of their mother ("the decedent"), Rose Villano's estate. The appellant claims that she is aggrieved by the decision of the Probate Court. The grounds for the appeal are that "[t]he executor has a conflict of interest in his dual roles as executor under the decedent's will and as her trustee, attorney-in-fact and business advisor during her lifetime, as well as being transferee of large sums of the decedent's money while she was incapacitated from conducting her own affairs." The appellant further claims that "[a]s a result, the executor cannot effectively perform his fiduciary duty of objectively appraising, and if necessary, prosecuting claims against himself which constitute potential assets of the estate, and is rendered incapable of performing his fiduciary duties."
The appellant filed a motion for summary judgment on December 21, 1994, on the ground that "there is no genuine issue as to any material fact in her Reasons of Appeal." In support of her motion, the appellant submits her own affidavit and a CT Page 1698-W memorandum of law. The appellee filed a memorandum of law in opposition to the appellant's motion for summary judgment on January 6, 1995. Additionally filed by the appellee on that date were the following documents: brief in opposition to the petition of Dolores Palumbo, dated December 30, 1993; memorandum of decision of the Waterbury Probate Court, Sokolowski, J., dated April 11, 1994; affidavit of O. Joseph Bizzozero, Jr., M.D., dated February 14, 1992; certified transcripts of portions of the testimony of the appellee, John Villano, and his wife, Cindy Villano, taken at the probate hearing, dated November 23, 1993; certified transcripts of portions of the testimony of George Assenza, taken at the probate hearing, dated December 1, 1993; excerpts of deposition testimony of Camille M. Rolly, dated July 27, 1993; and, excerpts of deposition testimony of Evelyn Smith, dated January 25, 1993.
"An appeal from probate is not so much an `appeal' as a trial de novo with the Superior Court sitting as a Probate Court and restricted by a Probate Court's jurisdictional limitations."Gardner v. Balboni, 218 Conn. 220, 225, 588 A.2d 634 (1991). "The Probate Court is a court of limited jurisdiction having CT Page 1698-X only such powers as given by statute . . . . [A] court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Citations omitted; internal quotation marks omitted.) Burton v. Dillman, 27 Conn. App. 479, 482,607 A.2d 447 (1992), cert. denied, 223 Conn. 904 (1992). "Although the Superior Court may not consider events transpiring after the Probate Court hearing . . . it may receive evidence that could have been offered in the Probate Court, whether or not it was actually offered." (Citations omitted.) Gardner v. Balboni,
supra, 218 Conn. 225.
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial."Orenstein v. Buckingham Corporation, 205 Conn. 572, 574,534 A.2d 1172 (1987). "[A] summary [disposition] . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party."Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). "In CT Page 1698-Y deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317, 477 A.2d 1005 (1984). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384.
Appeals from Probate Court are governed under General Statutes §§ 45a-186 et seq. A person appealing from the decision of a Probate Court must be aggrieved by that decision. General Statutes § 45a-186. "`[T]he existence of aggrievement depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected.'"Baskin's Appeal from Probate, 194 Conn. 635, 638, 484 A.2d 934
(1984), quoting Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511,516, 429 A.2d 967 (1980). The appellant in this case is a residuary legatee of the decedent's estate. She claims that the appellee has a conflict of interest in his role as executor of CT Page 1698-Z the decedent's estate in that he also has served as the decedent's trustee, attorney-in-fact and business advisor, and in that he has received certain funds from the decedent while she was alive on which a decision has to be made by the executor as to whether he as executor should seek to bring these funds back into the estate. The court finds that the appellant is an aggrieved party entitled to bring the present appeal.
At oral argument before this court on January 9, 1995, the appellant objected to the court's consideration of certain documents submitted by the appellee with his objection to the motion for summary judgment. Specifically, the appellant objects to the court's consideration of the following: the deposition testimony of the decedent's bookkeeper Evelyn Smith and that of the decedent's sister Camille Rolly; certified transcripts of portions of the testimony of the appellee, John Villano, his wife Cindy Villano and that of the decedent's stockbroker George Assenza, taken during the hearing of this matter before the Probate Court in Waterbury; the brief submitted by the appellee to the Probate Court; and, the memorandum of decision of the Probate Court, Sokolowski, J. The CT Page 1698-AA appellant argues that as the matter presently before the court is a de novo procedure, no evidence compiled for the action of the Probate Court should be considered by this court.
As to the deposition testimony of Camille Rolly and Evelyn Smith, "[i]n determining [a] motion for summary judgment, the trial court [can] consider . . . depositions." Esposito v.Wethered, 4 Conn. App. 641, 644, 496 A.2d 222 (1985). As to the testimony taken at the probate hearing, "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certifiedtranscripts of testimony under oath, disclosures, written admissions and the like." (Emphasis added.) Practice Book § 380.
As to the brief of the appellee submitted to the Probate Court, though "mere assertions" contained in a brief that material facts exist are not enough to "refute evidence properly presented to the court" on a summary judgment motion, a party is not barred from setting out the issues of fact and supporting law in such a document. Kakadelis v. DeFabritis, 191 Conn. 276, CT Page 1698-BB 281, 464 A.2d 57 (1983). It matters not the date the brief was drafted, nor whether it was previously submitted to another court. Therefore the court may consider the appellee's brief outlining the relevant issues of fact and supporting law dated December 30, 1993, just as it considers any other such brief or memorandum submitted by a party under a summary judgment motion, including that submitted by the appellant in this case.
The final objection by the appellant as to the documents provided by the appellee in opposition to summary judgment has merit. The appellant objects to the court's consideration of the memorandum of decision of the Waterbury Probate Court in ruling on this motion for summary judgment. It appears from the appellee's memorandum of law in opposition to summary judgment, that his purpose in submitting the Probate Court's memorandum of decision is to alert the court to the fact that the appellant has not exhausted the remedy granted her by the Probate Court, and therefore the appellant should be estopped from raising the present appeal. The appellee, however, overlooks the fact that the appellant petitioned the Probate Court for the removal of the appellee as executor of the decedent's estate, and that CT Page 1698-CC petition was denied. The appellant is entitled to appeal that denial to the Superior Court, and, as discussed above, the Superior Court must consider the evidence de novo, without regard to the outcome determined by the Probate Court. Princev. Sheffield, 158 Conn. 286, 294, 259 A.2d 621 (1969). Therefore the Probate Court's decision regarding this matter is not properly before this court as evidence on a motion for summary judgment, and as such should not be considered.
General Statutes § 45a-242[1] provides for the removal of a fiduciary for cause. The appellant cites Ramsdell v. UnionTrust Company, 202 Conn. 57, 519 A.2d 1185 (1987), as authority for its position that the purported conflict of interest alleged in this case warrants the removal of the appellee as executor of the decedent's estate. In Ramsdell, the executor of the decedent's estate was also a co-trustee of a revocable inter vivos trust established by the decedent prior to her death. Subsequent to the establishment of the trust, the decedent was declared incompetent, and a conservator was appointed by the New Haven Probate Court. For a period of five years, the defendant in Ramsdell, acting as co-trustee of the inter vivos trust, paid CT Page 1698-DD income and principal from the trust to the conservator of the decedent, upon the conservator's requests. No receipts for the funds were issued, nor was there any record of investigation on the part of the trustees as to the legitimacy of the expenditures made by the conservator. The Probate Court subsequently removed the conservator from his position.
Less than one month following the conservator's removal, the decedent in Ramsdell died, and the defendant was appointed executor according to the dictates of the decedent's will. The original inventory of the decedent's estate provided to the Probate Court by the defendant listed a claim against the decedent's conservator as an asset of the estate. The plaintiffs in Ramsdell, beneficiaries under the decedent's will, objected on the ground that the accounting did not include a claim against the trustees of the inter vivos trust. The defendant thereupon amended the inventory to include "a possible secondary claim" against the trustees. Id., 61.
The plaintiffs in Ramsdell proceeded to petition the Probate Court for the removal of the defendant as executor of CT Page 1698-EE the decedent's estate, alleging "misfeasance by the defendant in its dual capacity as executor of the [decedent's] estate and as trustee. . . ." Id., 58-59. The Court stated, "in order to justify removing the defendant as executor under General Statutes § 45-263(a) [presently § 45a-242], the trial court was bound to consider whether, because of its dual roles as executor and trustee, the defendant became incapable of executing its fiduciary duties or neglected to perform those duties in its capacity as executor." Id., 64. "Whether grounds exist for an executor's removal is a question addressed to the sound discretion of the Probate Court. . . . On appeal from probate, the trial court may exercise the same discretion de novo, reviewing the facts relating to the propriety of removal without regard to the Probate Court's decision." (Citations omitted.) Id., 65.
"The function of the trial court in summary judgment proceedings is not to decide issues of material fact, but rather to determine whether any such issues exist. . . . The resolution of such genuinely disputed issues must be left to later determination after a full hearing." (Citations omitted.) CT Page 1698-FFTelesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752 (1982). "A material fact [is] a fact which will make a difference in the result of the case." Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). The appellant maintains that there is no genuine issue as to any material fact in this case. She argues that under the dictates of Ramsdell,
this court is required to render judgment in her favor. In her memorandum of law in support of the motion for summary judgment, the appellant claims that
 [i]n 1987 two large funds belonging to the decedent were placed in the joint names of the decedent and the appellee. . . . During the decedent's lifetime the appellee appropriated said funds to his own use. . . . The appellant is not satisfied that the transfers were inter-vivos gifts from the decedent to the appellee and claims that the funds should be restored to the decedent's estate. . . . The funds have not been restored to the estate. . . . The appellee-fiduciary has failed to obtain a judicial determination of the propriety of the transfers. CT Page 1698-GG
The appellant further asserts in her memorandum in support that "it is patent that the executor's ability to fairly represent the interest of the estate, in determining whether the ante mortem transfers from the decedent to the executor were bona fide gifts, is irreparably tainted."
The appellant likens the present situation to the one presented in Ramsdell. However, there are significant differences between these two cases. In Ramsdell, the transfer of funds were made after the decedent in that case was declared incompetent by the court. The dictates of the inter vivos trust in Ramsdell required the trustees to "make periodic payments of income to or for the benefit of the grantor during her life. . . ." (Emphasis added.) Ramsdell v. Union Trust Company, supra,202 Conn. 59. By contrast, in this case the evidence indicates that the disputed funds were transferred from joint accounts, established at the direction of the decedent in the names of the appellant and the decedent, and that the appellee was named as trustee to only one of those accounts. There are no allegations that the decedent had been declared incompetent prior to the CT Page 1698-HH establishment of the joint accounts, or the transfer of the disputed funds. Further, there is evidence, if believed, that at least one of the joint accounts was established for the benefit of the appellee by the decedent.
These facts are sufficiently set forth in the certified transcripts of the probate hearing testimony, as well as in the deposition testimony of Evelyn Smith, the decedent's bookkeeper. This testimony also indicates that the decedent intended the transferred funds as gifts to the appellee, and also indicates that similar monetary gifts were conveyed to the appellant during the same time period.
The appellant states in her reasons for appeal that "[t]he executor has claimed the aforesaid gifts from the decedent to himself and to the other transferees, but has produced no direct evidence of such gifting." The appellant cites Long v. Schull,184 Conn. 252, 439 A.2d 975 (1981), wherein the Court stated, "[w]hen an estate is a party, the burden is on the person claiming the gift to prove the claim by clear and satisfactory proof." Id., 255. The appellant additionally cites Cooper v.CT Page 1698-IICavallaro, 2 Conn. App. 622, 481 A.2d 101 (1984), wherein the court stated that the burden of proving that a confidential relationship, if proved, did not give rise to undue influence by a fiduciary, is on the fiduciary by "clear and convincing evidence." Id., 626. Even if the appellant is correct in where the burden lies as to these issues, she is incorrect in her contention that on a summary judgment motion the appellee must prove these points by such stringent standards, rather, "a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with evidence disclosing the existence of such an issue."Trotta v. Branford, 26 Conn. App. 407, 409-10, 601 A.2d 1036
(1992), see also Siudyla v. ChemExec Relocation Systems, Inc.,23 Conn. App. 180, 184-5, 579 A.2d 578 (1990) (Party opposing summary judgment need not meet standard of "clear, precise and unequivocal evidence."). The court's function under a motion for summary judgment is solely to determine whether genuine issues of material fact exist, not to determine the outcome of such issues. Telesco v. Telesco, supra, 187 Conn. 718.
The appellant further cites Bergen v. Bergen, 177 Conn. 53,411 A.2d 22 (1979), wherein the Court states, "[a]lthough the CT Page 1698-JJ creation of a joint account provides some evidence of an intent to make a gift, it is by no means conclusive." Id., 57. Under a summary judgment motion, therefore, the sole fact that the disputed funds were transferred from joint accounts of the appellee and decedent is enough to rebut the contention of the appellant that the transfer of the funds from those accounts by the appellee was inappropriate. Moreover, the appellee has submitted evidence to the court establishing that the intent of the decedent regarding the transfer of the disputed funds was to make gifts to the appellant, the appellee, and their families.
"It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Batick v. Seymour, supra,186 Conn. 646-47. [E]ven with respect to questions of motive, intent and good faith, [however,] the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises,Inc. v. Hirschfield, 224 Conn. 240, 250, 618 A.2d 506 (1992). CT Page 1698-KK The appellee has sufficiently presented a factual predicate in the evidence submitted to the court in order to raise the intent of the decedent regarding the transfer of the disputed funds as a genuine issue of material fact in this case.
Furthermore, the only evidence submitted by the appellant to support this motion for summary judgment is her own affidavit. The affidavit avers that the decedent appeared mentally incompetent during the years 1985, 1986 and 1987. Additionally, the appellant has put forth this issue of the decedent's mental capacity as a reason for this appeal.
Even assuming that the mental capacity of the decedent during the years 1985, 1986 and 1987 is relevant to the present action, there is sufficient evidence presented to the court to contradict the assertion of the decedent's incapacity by the appellant. The testimony of Evelyn Smith, George Assenza, Camille Rolly, Cindy Villano, the appellee, as well as the affidavit of the decedent's physician Dr. Bizzozero, presents evidence to the court of the soundness of the decedent's state of mind during the years in question. Thus the court has an CT Page 1698-LL issue as to a material fact.
The Court in Ramsdell stated, "[i]f valid grounds exist for bringing a claim against the defendant, in its capacity as trustee or executor, and the defendant, because of its conflict of interest, refuses to pursue such claims, the defendant is incapable of executing its fiduciary duties and should be removed." Ramsdell v. Union Trust Company, supra, 202 Conn. 66. The Ramsdell case cannot be interpreted as holding that an executor should be removed whenever a party of interest in the estate makes a claim that an executor has mishandled estate assets and has refused to investigate the alleged mishandling. That would surely wreak havoc on the Probate Courts of this state. Ramsdell clearly states that the determination of whether grounds exist to remove an executor is a question for the Probate Court, and on appeal for the Superior Court. Id., 65. Whether "valid grounds" exist to bring a claim against an executor that an executor refuses to investigate must be interpreted as also being a question for the court, and not for a party of interest in the estate. Indeed, the Court inRamsdell further stated,
[t]he bare possibility of a cause of action on the CT Page 1698-MM estate's behalf against the defendant, if such a claim were frivolous or speculative, would not warrant removal. Whether the defendant has a conflict of interest that renders it unfit to continue in the service of the estate depends, in significant part, upon whether the estate's potential claims against the defendant have sufficient substance to warrant consideration by a successor fiduciary uninfluenced by a motive to avoid litigation.
Id., 67. Whether "valid grounds" exist to bring a claim against the appellee for the disputed funds is not clear from the evidence submitted in this case.
"[T]he moving party for summary judgment is held to a strict standard . . . of demonstrating [its] entitlement to summary judgment." Kakadelis v. DeFabritis, supra, 191 Conn. 282. "To satisfy [its] burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Plouffe v. New York N.H. H.R. Co., 160 Conn. 482, CT Page 1698-NN 488, 280 A.2d 359 (1971).
Based on all of the foregoing discussion, this court finds that there are genuine issues of material fact which need to be resolved in this case. Therefore, the appellant's motion for summary judgment is denied.
WILLIAM J. SULLIVAN, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 1702