[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks judgment on counts two and four of an amended complaint dated June 10, 1994 alleging, respectively, default on a note and the creation of a constructive trust with respect to certain property located in West Springfield, Massachusetts.[1] At trial, the plaintiff offered the testimony of Karl Fleischman, the plaintiff's president, Martin Gottesdiener and Marisa Thurston. It also introduced several documents into evidence. The defendants also introduced certain documents but rested without presenting testimony.
Based on the testimony and the documentary evidence, the court finds the following facts:
The defendant, Martin Gottesdiener (Gottesdiener) is an accountant doing business as Martin Gottesdiener Company and is a trustee of the Marisa I. Thurston Trust (Trust), of which the defendant Marisa Thurston (Thurston) is the beneficiary.[2] In 1990, Martin Gottesdiener, in his capacity as trustee, executed a promissory note in favor of an entity called Meadow Haven in the amount of $509,049. On March 9, 1990, the plaintiff purchased that note from Meadow Haven for a total purchase price of $400,000. Gottesdiener paid interest on the note from the time of its acquisition by the plaintiff through August of 1990. Additionally, an entity known as Carabetta Enterprises, Inc., one of the guarantors of the note when Meadow Haven assigned it to Wendell, made additional full interest payments from September of 1990 through the end of August of 1991. No payments, however, have been made since that date, and the note is in default.
The principal amount of the note was $509,049. From September 1, 1991 through December 31, 1994, there have been a total of 40 months of interest unpaid at a rate of 14 percent per annum or $5,938.91 per month. Thus, the total of interest due through the end of 1994 was $237,556.40. In addition, per diem interest from January 1 through January 10, 1995, the date on which trial began, has accumulated at the rate of $197.96 per day CT Page 5498 for a total of $1,979.60. The debt, as of the date the trial commenced, is thus found to be $748,585. The defendants have offered no defense for the failure to make payments under the terms of the note, and the plaintiff is entitled to judgment on count two of the complaint.
Rather than foreclosing on the mortgage, the plaintiff seeks to satisfy the debt out of another property held individually by the defendant Thurston and located at 855 Riverdale Road in West Springfield, Massachusetts. That property, along with several other pieces of real estate, had been held for some time by Gottesdiener as trustee of the Thurston Trust. On November 1, 1990, however, Gottesdiener, acting in his capacity as trustee, quitclaimed the West Springfield property to Thurston. In doing so, he testified, he was acting within his discretion as trustee to distribute the principal of the trust to the beneficiary. Indeed, he had transferred all of the assets of the trust to Thurston at that time. The value of the trust assets is now approximately $100.
At the time of the transfer of the West Springfield property, Thurston gave Gottesdiener a note promising to pay the sum of $230,275. Gottesdiener testified that the $230,275 note represented past services he had performed for the trust and for various entities in which Thurston was a stockholder. That note has not been paid.
Based on the circumstances surrounding the Trust's default on the note and its subsequent transfer of its assets to Thurston individually, the plaintiff seeks to have this court find the creation of a constructive trust in favor of the plaintiff with the West Springfield property as its asset. To prevail, it must establish that the defendant "holds title to property [and] is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." Filosi v. Hawkins, 1 Conn. App. 634,638-39 (1984). It must also establish fraud, misrepresentation, imposition, circumvention, artifice or concealment, or abuse of confidential relationships. Wing v. White, 14 Conn. App. 642,644 (1988).
"The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. . ." (internal citations omitted) Cohen v. Cohen, 182 Conn. 193, 203438 A.2d 55 (1980). "A constructive trust arises contrary to CT Page 5499 intention and in invitum, against one who, by fraud, actual or constructive, by duress or abusive confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and in good conscience, hold and enjoy. . ." (internal citations omitted).Aetna Life Casualty Co. v. Union Trust Co., 230 Conn. 779, 791,___ A.2d ___ (1994).
Where a plaintiff seeks to have a court impose a constructive trust, the plaintiff bears the burden of proving facts necessary for the imposition of the trust by clear and convincing evidence. See Starzec v. Kida, 183 Conn. 41,438 A.2d 1157 (1981); Cooper v. Cavallaro, 2 Conn. App. 622, 625-26,481 A.2d 101 (1984).[3] This standard of proof is particularly appropriate where, as here, the allegations are that, in order to avoid subjecting the Massachusetts property to availability to the plaintiff for satisfaction of a judgment on the subject note, Gottesdiener, as trustee of the Thurston Trust, fraudulently conveyed it to Thurston.
The essence of the plaintiff's claim may be summarized as follows:
Gottesdiener, on behalf of the Thurston Trust, stopped payments on the note in August of 1990. In November of 1990, Gottesdiener disbursed all of the trust assets, including the Massachusetts property. Given the timing of the Trust's default and the conveyance of the Massachusetts property, it is apparent, the plaintiff argues, that Gottesdiener's intention on behalf of the Trust was to insulate the Trust's assets, and this is the reason that he exercised his authority, granted to him by the trust documents, to distribute the trust assets to Thurston. The net effect of this transaction was to deprive the plaintiff of its right to go after an asset which would satisfy the debt owing as a result of the Thurston Trust's default, and it unjustly enriched Thurston herself.
Although it is understandable that Gottesdiener's actions might make the plaintiff suspicious of both defendants' motivations, the plaintiff falls short of sustaining the burden it bears to establish a constructive trust. First, although the Trust itself ceased payment on the note in August of 1990, Carabetta Enterprises, which had guaranteed the note, continued CT Page 5500 to make interest payments through August of 1991. This fact tends to negate the inference that Gottesdiener's intent in conveying the Massachusetts property in November of 1990 was fraudulent or otherwise improper.
Second, both Gottesdiener and Thurston were called as witnesses by the plaintiff. There was nothing in the testimony of either to suggest that Gottesdiener conveyed the property with an intent to defraud or deceive the plaintiff, that Thurston acted inequitably in obtaining title to the property or that she was unjustly enriched by retaining title. Both Thurston and Gottesdiener were credible witnesses. The plaintiff did not prove that Gottesdiener's intention was to defraud the plaintiff or that he employed any other "questionable means" in conveying the property to Thurston. Although Thurston certainly benefited[4]
from the transaction, the plaintiff did not prove that she was unjustly enriched.
Although the timing of the transaction might raise an eyebrow, that is not tantamount to proof of fraud. Fraud will not be presumed by the court and must be affirmatively established by the party seeking to set aside a transaction.U.S. v. Edwards, 572 F. Sup. 1527 (1983); DeLuca v. C. W.Blakeslee Sons, Inc., 174 Conn. 535, 391 A.2d 170 (1978).
Thurston also argues that the plaintiff has failed to prove that it suffered "substantial pecuniary loss", Harper v.Adametz, 142 Conn. 218, 113 A.2d 136 (1955). Indeed, one certainly supposes that the plaintiff has sought imposition of the constructive trust precisely because of its belief that, although the note is secured by a mortgage on property in Connecticut[5], the equity in that property is insufficient to protect its interests under the note. Plaintiff has, however, offered no proof on this issue.
To establish that the transfer from the Trust to Thurston was fraudulent, the plaintiff must prove either 1) that the transfer was made without substantial consideration and rendered the transferor unable to meet its obligations, or 2) that it was made with a fraudulent intent in which Thurston participated. With respect to the first test, Thurston's execution of a promissory note for $230,275 and a guarantee for professional services is claimed by the defendants to be substantial consideration despite the fact that the note was given primarily to pay off a prior debt. Additionally, the CT Page 5501 plaintiff has not offered evidence tending to show that Gottesdiener, as trustee, was rendered unable to meet the trust's obligations. Indeed, although it apparently believes this to be the case, the plaintiff offered no evidence to show that the trust's obligations under the note were not adequately secured by the mortgages on the Connecticut property.
Finally, plaintiff presented no evidence to suggest that Thurston herself participated in the alleged fraud. Indeed, there was no evidence of any discussions between Gottesdiener and Thurston about the transfer or that she knew whether or not the Connecticut property was adequate security for the note.
The plaintiff has chosen, as is its right, to sue on the note, rather than to seek to foreclose of the mortgage. See, e.g., Hartford Connecticut Bank Trust v. Kotkin, 185 Conn. 579,441 A.2d 593 (1981). By making that election, however, the plaintiff's reach has exceeded its grasp. It is entitled to judgment on the note, but it has not established that it is entitled to have this court impose a constructive trust on the defendants and to satisfy its judgment out of the Massachusetts property.
Therefore, as to the second count, the plaintiff shall recover of the defendant Martin Gottesdiener, in his capacity as trustee of the Marisa Thurston Irrevocable Trust, the sum of $774,715.72, representing the debt of $748,585 as of the date of the commencement of the trial, plus additional interest at the rate of $197.96 per day for a period of 132 days, plus costs. As to the fourth count, judgment shall enter in favor of the defendants.
Jonathan E. Silbert, Judge