[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The pivotal issue in the above-captioned case is the effect on jointly-held assets of a husband and wife when a conservatorship is established for one spouse. The case was tried on the merits on June 13 and 14, 2000. The plaintiff the sister of Marie Rinaldi, claims that she is entitled under Marie Rinaldi's will to her sister's share of the marital home, joint bank accounts and United States savings bonds issued in the names of both Marie Rinaldi and her husband, Antonio J. Rinaldi, who was also known as Anthony or Tony. She also claims ownership by the terms of Mrs. Rinaldi's will to certain personal property.
The plaintiffs' claims are made in five counts of her amended complaint, which was filed on September 17, 1997. The plaintiff claims in the first count that the defendant, Angela Haines, who is also known as Jill Haines, the successor conservator and administrator of the estate of Mr. Rinaldi, is holding certain assets under circumstances that give rise to a constructive trust for the plaintiffs benefit.
In the second count the plaintiff claims that the defendant has been unjustly enriched by inclusion in Mr. Rinaldi's estate of assets that are the property of the plaintiff by the terms of Mrs. Rinaldi's will. In the third count, the plaintiff claims that the defendant wrongfully failed to transfer to her assets owned by Mrs. Rinaldi at the time of Mrs. Rinaldi's death. In the fourth count the plaintiff claims that the defendant wrongfully denied her written claim for transfer of the contested assets. In the fifth count, the plaintiff claims that certain personal property, specifically, a mahogany bedroom set and chair, a sewing machine, a cherry bedroom set, a stereo, a table, a recliner and personal items and effects were part of the estate of Mrs. Rinaldi and that the defendant has wrongfully failed to surrender that personal property to the plaintiff
The defendant has not pleaded any cross claims or special defenses, but relies on a denial of the plaintiffs claims.
Findings
The court makes the following factual findings. Many of these facts were stipulated to by the parties in a written stipulation dated June 12, 2000. In 1947, Marie Rinaldi, who was forty years old at the time, married Anthony J. Rinaldi, whose previous marriage had ended in divorce. Marie Rinaldi, who had been employed as a factory worker since her teenage years, continued to be employed after the marriage. Anthony Rinaldi had a daughter from his first marriage. That daughter, Angela "Jill" Haines, never lived with Marie and Anthony Rinaldi after their marriage, however, she and her father maintained contact. CT Page 7567
Upon their marriage, Mr. and Mrs. Rinaldi lived in a small two-bedroom house in Oakville that had been a rental property owned by Mr. Rinaldi before the marriage. The couple renovated the house before moving in.
Both Mr. and Mrs. Rinaldi continued to be employed until they reached retirement age, she in the same factory where she had always worked; he as a school custodian. They had no children together. In 1993, both Mr. and Mrs. Rinaldi were elderly and suffering from health problems. Neither was capable of attending to the needs of the other during severe illness. In the fall of 1993, Mrs. Rinaldi was hospitalized. Mr. Rinaldi was unable to transport her from the hospital or take care of her without help, and the plaintiff, one of Mrs. Rinaldi's four sisters, assisted. At first, Mrs. Soucy visited Mr. and Mrs. Rinaldi, but in early December 1993 she moved into their home to provide more assistance with meals, cleaning, and transportation. On December 5, 1993, Mr. Rinaldi was hospitalized after hemorrhaging. He did not return to his home but was admitted to a convalescent facility. From that date until his death, Mr. Rinaldi lacked the mental capacity to attend to his own affairs.
In January 1994, Marie Rinaldi, who was mentally alert but increasingly frail physically, took the plaintiffs suggestion to consult a lawyer to make financial arrangements. Mrs. Rinaldi hired a lawyer to prepare a power of attorney which enabled the plaintiff to act on her behalf. It was clear that Mr. Rinaldi was unlikely ever to be able to leave the facility where he was being cared for, and Mrs. Rinaldi asked the lawyer to apply for medicaid benefits on his behalf. The cost of Mr. Rinaldi's care at the facilility was $6,000 per month.
The process of applying for medicaid benefits involves an inventory of the assets of both spouses and calculations of the amount of those assets to be allocated to the spouse who is not seeking the medicaid benefits and the amount to be allocated to the spouse applying for benefits. Conn. Gen. Stat. §§ 17b-81. If the latter amount exceeds the eligibility amount for the benefits, the excess must be spent on care before a person is eligible for medicaid benefits. Conn. Gen. Stat §17b-8 1(c). The attorney assisted Mrs. Rinaldi in applying to be made conservator for her husband, who was no longer capable of attending to his own financial affairs. She was appointed conservator of the estate and person of her husband on January 25, 1994.
On the date that Mrs. Rinaldi was appointed conservator, she and Mr. Rinaldi were joint owners of six bank accounts with total assets far in excess of the medicaid eligibility standard. They also owned United States savings bonds. All of these bonds were held either by "Antonio Rinaldi or Marie Rinaldi" or by "Marie Rinaldi or Antonio Rinaldi." They CT Page 7568 also owned their residence at 16 Fairview Avenue in Oakville. Mr. Rinaldi had owned the residence as sole owner until 1973, when he quitclaimed it to himself and Marie Rinaldi, making them joint owners.
Mrs. Rinaldi did not file an inventory of the assets of her husband with the probate court that had granted the conservatorship. In a draft inventory that her lawyer was helping her to prepare, but which was not completed before Mrs. Rinaldi died, the lawyer listed as assets of Mr. Rinaldi half the amounts that she represented were the balances of the jointly held bank accounts and savings bonds and half the value of the house and a car. The attorney paid the bills for Mr. Rinaldi's care out of a checking account established for Mrs. Rinaldi as conservator. No action for a partition was brought to divide the joint assets.
In March 1994, Mrs. Rinaldi asked the same attorney to draft a new will for her, replacing a will in which she had left her entire estate to her husband if he survived her, and, if he predeceased, to Jill Haines and a nephew of Mr. Rinaldi. In the new will, executed on March 1, 1994, Mrs. Rinaldi specified her sister, Lillian Soucy, as the residuary beneficiary of her estate. She named Lillian Soucy as executrix as well. No claim has been made against the validity of this will.
The plaintiff stayed at the Rinaldis' home and cared for her from early December 1994 until Mrs. Rinaldi's death on May 22, 1994.
After her sister's death, Mrs. Soucy stayed in the Rinaldis' home for several days, then moved back to her own apartment in Waterbury. The court finds that in addition to taking with her the clothing and personal property she had brought to the Rinaldis' home, she packed and caused her adult son to move out of the house several boxes of household goods, as well as a clothes dryer, a television and a video cassette recorder that Marie Rinaldi had bought while Mrs. Soucy was staying in the Rinaldi home. The court finds that Mrs. Soucy knew the terms of her sister's will at the time she took possession of this personal property and believed that she had inherited these items, though she gave a vague and unconvincing version of her actions in this regard at trial, apparently because of the suggestion of the defendant's counsel that she was not entitled to take these items. No claim for their return has been made in this suit.
On July 5, 1994, Mrs. Haines was appointed temporary conservator of the estate of Anthony Rinaldi, and on July 21, 1994, she was appointed successor conservator.
On August 12, 1994, Lillian Soucy was appointed executrix of the estate of Marie Rinaldi. In that capacity, she made a written claim of the CT Page 7569 defendant as conservator for one-half of the assets of Mr. Rinaldi's estate, which Mrs. Haines construed to include all assets held jointly with Marie Rinaldi at the time of her death. Mrs. Haines, as conservator, denied Mrs. Soucy's claim. In October 1994, Mrs. Soucy presented a written claim against the conservatorship estate of Anthony Rinaldi for items of personal property, which the court infers are the same items enumerated in Count Five of the amended complaint.
Mr. Rinaldi died on March 18, 1995, and Mrs. Haines was appointed administratrix of his estate.[1] Mrs. Haines treated all the assets that had been owned by Marie Rinaldi and Anthony Rinaldi before Mrs. Rinaldi's death as assets of the estate of Mr. Rinaldi, including all of the bank accounts in both names, the house, and the savings bonds.
No evidence was presented that the plaintiff made a claim against Mr. Rinaldi's estate for the money in the savings accounts, the bonds or a part of the proceeds from the sale of the house, though she had made such a claim against the conservator, as is detailed above
Mrs. Rinaldi's Estate
The plaintiffs claims are based on the position that half the value of the savings accounts, bonds and house, and all the items of personal property listed in Count Five were part of Marie Rinaldi's estate at the time of her death in May 1994, and that these assets were, at that time, the sole property of Marie Rinaldi. The plaintiff argues that any ownership right of Anthony Rinaldi in this half of the assets, which had been jointly held, had been terminated by the allocation of some of the joint assets to the estate of Anthony Rinaldi when the conservatorship was established. This court does not agree with the plaintiffs position. Under Connecticut law, if any of the assets at issue were joint assets as defined under the various statutes and regulations that pertain to various categories of assets, then upon the death of Mrs. Rinaldi, such assets became the property of the estate of Mr. Rinaldi and did not become part of Mrs. Rinaldi's estate. The court will examine each category of property at issue separately.
A. Residence
The deed by which Mr. Rinaldi conveyed the residence on Fairview Street to himself and his wife identifies the grantees as "Marie J. Rinaldi, and myself, the said Antonio Rinaldi, as Grantees, and unto the survivor of us, and the heirs and assigns of such survivor forever." Pursuant to Connecticut General Statutes § 47-14a, a deed in this form creates a joint tenancy in fee simple with right of survivorship. Accordingly, at Mrs. Rinaldi's death the residence became the sole property of her CT Page 7570 husband and did not become part of her estate.
The plaintiff takes the position that the establishment of the conservatorship changes the operation of § 47-14a and serves to terminate a joint tenancy and to convert it to a tenancy in common, with no right of survivorship. No statute or case law in support of this position has been cited by the plaintiff nor has any been located by the court. The proposition is at odds with the purpose of establishment of conservatorships, which is identified at Connecticut General Statute § 45a-650 as acting in the best interest of the ward and protecting the ward's estate. The plaintiff urges, in effect, that the result of establishment of a conservatorship is to deprive the ward of his existing survivorship interests in joint property. Such a deprivation is certainly not in the interest of the ward and can hardly been seen as a construction consistent with the statutory purpose of protecting the ward's estate.
B. Bank accounts
The six bank accounts at issue bear the names of both Mrs. and Mr. Rinaldi. Connecticut General Statutes § 36a-290 (a) provides that "[w]hen a deposit account has been established at any bank . . . in the names of two or more natural persons and under such terms as to be paid to any one of them . . . such account is deemed a joint account, and any part or all of the balance of such account . . . may be paid to any of such persons during the lifetime of all of them or to the survivor or any of the survivors of such person after the death of one or more of them." The court finds that all six accounts listed in the stipulation of the parties were joint accounts within the meaning of § 36a-290. The existence of a joint bank account is prima facie evidence of joint ownership with survivorship; and the funds in such an account do not become part of the estate of the first of the joint owners to die. Cooperv. Cavallaro, 2 Conn. App. 622 (1984). The plaintiff has not rebutted that presumption with any evidence to establish that the bank accounts were not, in fact, joint accounts. See Grass v. Grass,47 Conn. App. 617, [47 Conn. App. 657], 661 (1998).
The court finds that all six accounts became Mr. Rinaldi's sole property by virtue of the survivorship right established by § 36a-290, and that the money in these accounts did not become part of Mrs. Rinaldi's estate upon her death. The establishment of a conservatorship with regard to Mr. Rinaldi's estate did not, for the reasons set forth above, serve to deprive him of his survivorship interest in all the funds in these accounts.
C. United States savings bonds
CT Page 7571
All of the United States savings bonds at issue were issued in the names of Marie Rinaldi or Antonio Rinaldi. None bore the name of only one of them. Title 31 of the Code of Federal Regulations at § 357.21 (b)(2)(ii) provides that a bond in the names of two individuals joined by the word "or" "shall confer on each owner an undivided interest in the security and shall create a conclusive right of survivorship." This regulation compels the conclusion that the savings bonds likewise became the sole property of Mr. Rinaldi upon his wife's death and did not become part of her estate.
The court finds no basis in statute, regulation or case law to support the plaintiffs contention that the creation of a conservatorship with regard to the estate of Mr. Rinaldi altered his right as a survivor with regard to these assets.
D. Personal Property
Unlike the other assets discussed above, ownership of the personal property at issue is not governed by any statute or regulation creating a right of survivorship. If the property was owned by Marie Rinaldi at the time of her death, it is part of her estate. If it was owned by Anthony Rinaldi, it is not part of her estate.
Connecticut General Statutes § 46b-36 provides in pertiment part that "[n]either husband nor wife shall acquire by marriage any right to or interest in any property held by the other before or acquired after such marriage, except as to the share of the survivor in the property as provided by sections 45a-436 and 45a-437." This statute compels the conclusion that any property owned by Mrs. Rinaldi before her marriage or acquired by her during the marriage may properly be included in her estate. The only testimony provided concerning ownership of the various pieces of furniture and other personal property at issue was the testimony of the plaintiff, Mrs. Soucy. The court finds credible the testimony that Mrs. Rinaldi bought a mahogany bedroom set in preparation for moving into the house that would be her home during her marriage. She had been working for many years and it is plausible that she had the funds to make such a purchase.
The court does not find credible the testimony that the table in dispute was given to Mrs. Rinaldi by an aunt. Mrs. Soucy's testimony in this regard was remarkably vague. She did not indicate who the aunt was or when the table was given. Her vagueness on the subject, her evasiveness during testimony, and her demeanor lead the court not to accept this testimony as reliable. With regard to the table and the other furniture, including the mahogany chair, and household effects that are CT Page 7572 in dispute, the court finds that it is most probable that they were acquired from joint funds as furnishings for the marital home of Mr. and Mrs. Rinaldi. The plaintiff has testified that it was Mrs. Rinaldi who purchased some of the items. While she asserted that Mrs. Rinaldi had her own separate funds and paid for these purchases solely from those funds, the court does not find this testimony credible in view of the evidence that husband and wife kept all of their other assets in joint accounts. The plaintiff presented no evidence that Mrs. Rinaldi maintained any separate checking account or credit card in her own name alone. It appears just as likely that this personal property was bought with joint funds as with any separate funds; therefore, the plaintiff has failed to discharge her burden of proving that these items are part of the estate of Marie Rinaldi.
The court finds the only item among those put at issue in the amended complaint that was an asset of the estate of Marie Rinaldi upon her death was the mahogany bedroom set. The remaining issue, therefore, is whether the defendant must relinquish that asset to the plaintiff under any of the theories asserted in the amended complaint. Since the court has found that this item of personal property was part of the estate of Marie Rinaldi and has been held by the defendant, the court finds that the plaintiff has proved the elements of her claim in the fifth count of her complaint only with respect to the mahogany bedroom set. The claims the plaintiff makes in the other four counts concern claims to personal property that the plaintiff alleges at paragraph 6 of each count was "held jointly by the decedent and Antonio Rinaldi, " and which the plaintiff thus did not claim were the sole property of Mrs. Rinaldi. The plaintiff has not proven that the estate of Mr. Rinaldi was unjustly enriched by receiving jointly-owned personal property.
The plaintiffs claim that the defendant held any asset other than the bedroom set in a "constructive trust" is defeated by the court's conclusion that by operation of law, Mr. Rinaldi became the owner of jointly-held property upon his wife's death.
Conclusion
The only item put in dispute in the complaint that the plaintiff has established was an asset of the estate of Marie Rinaldi upon her death is the mahogany bedroom set. The defendant shall relinquish that item to the plaintiff, who shall bear the cost of its removal from its present location. Judgment shall enter in favor of the plaintiff as to the fifth count, but only as to the mahogany bedroom set. Judgment shall enter in favor of the defendant on all other counts of the amended complaint. Each party shall bear her own court costs. CT Page 7573
 Beverly J. Hodgson Date Judge of the Superior Court